OPINION
PER CURIAM.
Fahim Muhammed, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion for a reduction in sentence pursuant to 18 *119 U.S.C. § 3582(c) and an order denying his motion for reconsideration and motion to correct the record and/or judgment. We will affirm.
In 1991, Muhammed was convicted in federal court of conspiracy to distribute heroin. He was sentenced to 264 months in prison. Muhammed’s sentence was based on a criminal history score of six, which included two points under U.S.S.G. § 4A1.1(d) for his commission of the offense while under parole supervision, one point under U.S.S.G. § 4A1.1(e) for his commission of the offense within two years of being released from prison, and three points under U.S.S.G. § 4A1.1(a) for four prior bank robberies. Although a criminal history score of six placed Muhammed in criminal history category III, the sentencing court agreed with the Government that an upward departure was warranted to adequately reflect the seriousness of Mu-hammed’s criminal history. Muhammed was placed in criminal history category VI, which had a guideline range of 235 to 293 months. In 1993, we affirmed the judgment of sentence. Muhammed later unsuccessfully moved to vacate his sentence pursuant to 28 U.S.C. § 2255.
In 2008, Muhammed filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Muhammed argued that his sentence should be reduced pursuant to Amendment 709 to U.S.S.G. § 4A1.1(f), which became effective November 1, 2007, and changed the way that multiple prior sentences are counted in calculating criminal history scores.[1] The District Court concluded that Muhammed was not eligible for relief under § 3582(c) because Amendment 709 is not listed in U.S.S.G. § 1B1.10(c), and relief under § 3582(c) is only authorized for amendments so listed. The District Court also rejected Mu-hammed’s argument that Amendment 709 applies retroactively because it is a clarifying, as opposed to a substantive, amendment.
Muhammed then filed a motion for reconsideration of the District Court’s order and a motion to correct the record and/or judgment pursuant to Federal Rule of Criminal Procedure 36.[2] The District Court denied Muhammed’s motion for reconsideration, explaining that he had not set forth a change in controlling legal authority or previously unavailable evidence, nor had he shown that reconsideration was necessary to correct a clear error of law or to prevent manifest injustice.
The District Court granted in part and denied in part Muhammed’s Rule 36 motion, in which Muhammed argued that the District Court’s opinion contained several erroneous statements. The District Court granted Muhammed’s motion to the extent *120 he sought to remove a statement in the background section of the opinion providing that the sentencing judge acknowledged that application of the Amendment 382 would violate the Ex Post Facto Clause. The District Court agreed that the sentencing judge did not make such a statement, but noted that the removal of the statement did not change the outcome of Muhammed’s § 3582 motion.
The District Court disagreed with Mu-hammed that it had erred in referring to his prior bank robberies as armed, explaining that it had relied on the finding of the sentencing court. The District Court also rejected Muhammed’s contentions that it had erred in stating in its opinion that the application of the amended guidelines would have subjected him to a longer sentence or that he had argued on appeal that the sentencing judge improperly imposed the upward departure. Muhammed appeals the denial of his § 3582 motion, his motion for reconsideration, and his Rule 36 motion.
We agree with the District Court that Muhammed is not eligible for relief under § 3582 based on Amendment 709. As explained by the District Court,
in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2); United States v. Wise, 515 F.3d 207, 220-21 (3d Cir.2008). Under the applicable policy statement, a reduction in the term of imprisonment is not consistent and not authorized if none of the amendments listed in U.S.S.G. § 1B1.10(c) applies to the defendant. U.S.S.G. § 1B1.10(a)(2). Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). Thus, a reduction in sentence is not authorized under § 3582(c). The District Court correctly stated that whether Amendment 709 is a clarifying or substantive amendment is not relevant for purposes of § 3582(c). The District Court also properly denied, for the reasons stated in its opinion, Muhammed’s motion for reconsideration and Rule 36 motion.[3]
Because this appeal does not raise a substantial question, we will affirm the order of the District Court.

. The United States Sentencing Commission adopted Amendment 382 on November 1, 1991, which added subsection (0 to § 4A1.1. Section 4A1.1(f) requires the addition of one point for each prior sentence that did not receive any points under § 4A1.1(a),(b), or (c). Amendment 382, which was not in effect when Muhammed’s offense occurred, was not applied in computing Muhammed’s sentence. It appears that the sentencing court implicitly agreed with the Government that the application of Amendment 382 would violate the Ex Post Facto Clause. Amendment 709 revised § 4A1.1(f) and addressed in part how multiple prior sentences should be counted.

. Although the motion for reconsideration was not docketed until August 18, 2008, it is dated the same date as Muhammed's Rule 36 motion — May 19, 2008. We deem these motions, submitted within 10 days of the District Court's May 12, 2008, order, timely filed. See Local Criminal Rule 1.1 of U.S. District Court Rules for the District of New Jersey (providing that Local Civil Rule 7.1 (i), which affords 10 days to file a motion for reconsideration, applies in criminal cases).

. We note that Muhammed's primary argument appears to be that the sentencing court erred in failing to apply Amendment 382, which had been adopted at the time of his sentencing. This argument is not properly raised in a § 3582 motion. In addition, the 1999 transcript related to Muhammed's § 2255 proceedings, a partial copy of which is attached to his § 3582 motion, reflects that he raised this argument in those proceedings.